# Exhibit 9

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

### HON. EILEEN BRANSTEN

**PRESENT:** _____ J.S.C. _____    **PART** 3

*Justice*

Index Number : 652388/2011
U.S. BANK NATIONAL

vs.

COUNTRYWIDE HOME LOANS, INC.
SEQUENCE NUMBER : 001
DISMISS ACTION

INDEX NO. 652388/201)

MOTION DATE 10/9/12

MOTION SEQ. NO. 001

The following papers, numbered 1 to 3 , were read on this motion to/for dismiss

| | |
|---|---|
| Notice of Motion/Order to Show Cause — Affidavits — Exhibits | No(s). 1 |
| Answering Affidavits — Exhibits | No(s). 2 |
| Replying Affidavits | No(s). 3 |

Upon the foregoing papers, it is ordered that this motion is

IS DECIDED

IN ACCORDANCE WITH ACCOMPANYING MEMORANDUM DECISION

**MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE**

**FOR THE FOLLOWING REASON(S):**

Dated: May 29, 2013

EILEEN BRANSTEN
J.S.C.

| 1. CHECK ONE: | ☐ CASE DISPOSED | ☑ NON-FINAL DISPOSITION |
|---|---|---|
| 2. CHECK AS APPROPRIATE: .........................MOTION IS: | ☐ GRANTED   ☐ DENIED   ☑ GRANTED IN PART | ☐ OTHER |
| 3. CHECK IF APPROPRIATE: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| | ☐ DO NOT POST   ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: IAS PART THREE
----------------------------------------------------------------------X
U.S. BANK NATIONAL ASSOCIATION, as Trustee,
for HarborView Mortgage Loan Trust, Series 2005-10,

                    Plaintiff,

-against-

Index No. 652388/2011
Motion Date: 10/9/2012
Motion Seq. No.: 001

COUNTRYWIDE HOME LOANS, INC. (d/b/a BANK
OF AMERICA HOME LOANS), BANK OF AMERICA
CORPORATION, COUNTRYWIDE FINANCIAL
CORPORATION, BANK OF AMERICA N.A., AND
NB HOLDINGS CORPORATION,

                    Defendants.

----------------------------------------------------------------------X

**BRANSTEN, J.**

This matter comes before the Court on the pre-answer motion to dismiss filed by

Defendants Countrywide Home Loans, Inc. ("CHL"), Countrywide Financial

Corporation, Bank of America Corporation, Bank of America N.A., and NB Holdings

Corporation (collectively "Defendants") pursuant to CPLR 3211(a)(7).[1] Plaintiff U.S.

Bank National Association, as Trustee for HarborView Mortgage Loan Trust, Series

---

[1] Plaintiff filed its original Complaint in this action on August 29, 2011. In its opposition
briefing for the instant motion, Plaintiff sought leave to file an Amended Complaint. At oral
argument, the Court asked Defendants how they wished to proceed in light of Plaintiff's
proposed Amended Complaint. Defendants informed the Court on the record that "Defendants'
counsel have conferred and we are prepared to move forward on the basis that this is the motion
to dismiss argument with respect to the amended complaint." (10/1/12 Oral Arg. Tr. 6: 12-15.)
Accordingly, the Court deems the Amended Complaint filed and considers the instant motion to
dismiss as to the Amended Complaint.

*U.S. Bank Nat'l Ass'n v. Countrywide Home Loans, Inc.*                    Index No. 652388/2011
                                                                           Page 2 of 12

2005-10 ("U.S. Bank" or "Trustee") opposes. For the reasons that follow, Defendants'

motion is granted in part and denied in part.

## I.     Background[2]

This case arises from the pooling of 4,484 mortgage loans ("Loans") into the

HarborView Mortgage Loan Trust 2005-10 ("Trust").

The Trust was comprised of Loans originated by Defendant CHL. After

origination, CHL sold the Loans to non-party Greenwich Capital Financial Products, Inc.

("GFCP"), the transaction Sponsor, pursuant to the Master Mortgage Loan Purchase and

Servicing Agreement (the "Servicing Agreement"). GFCP then sold the Loans to the

Depositor, non-party Greenwich Capital Acceptance, Inc., through the Mortgage Loan

Purchase Agreement ("MLPA"). Finally, pursuant to the Pooling Agreement, the

Depositor conveyed the Loans to the Trust, which issued approximately $1.75 billion in

certificates.

In addition to conveying the Loans the Trust, the Pooling Agreement granted the

Trustee, *inter alia*, the right to exercise all of GFCP's rights under the Servicing

---

[2] The facts as described in this section are drawn from the Amended Complaint unless
otherwise noted.

*U.S. Bank Nat'l Ass'n v. Countrywide Home Loans, Inc.*

Agreement against Countrywide. *See* Compl.[3] Ex. C ("Pooling Agreement"), § 2.01(a).

Through this action, the Trustee seeks to assert these rights, claiming breach of the

Servicing Agreement and the Pooling Agreement. Specifically, the Trustee asserts that

the Loans in the Trust breach the representations and warranties made by Countrywide[4] in

Sections 7.01 and 7.02 of the Servicing Agreement.

Section 7.01 is captioned "Representations and Warranties Respecting the Seller"

and provides in relevant part that:

> (ix) No written statement, report or other document prepared and furnished
> or to be prepared and furnished by the Seller pursuant to this Agreement or
> in connection with the transactions contemplated hereby contains any
> untrue statement of material fact or omits to state a material fact necessary
> to make the statements contained therein not misleading.

Compl. Ex. A ("Servicing Agreement"), § 7.01(ix).

Under Section 7.03 of the Servicing Agreement, "[i]n the event that a breach shall

involve any representation and warranty set forth in Section 7.01 and such breach cannot

be cured within ninety (90) days of the earlier of either discovery by or notice to

---

[3] Plaintiff attached the operative documents for the transaction – the Servicing
Agreement, the Pooling Agreement and the MLPA – as exhibits to the original Complaint.
However, Plaintiff failed to attach these documents to the Amended Complaint. As a result, the
Court cites to the original Complaint only for the purpose of referencing the transaction
documents.

[4] "Countrywide" is a defined term in the Amended Complaint and includes both CHL and
Countrywide Financial Corporation.

[Countrywide] of such breach, all of the Mortgage Loans shall, at the [Trustee's] option, be repurchased by [Countrywide] ..." *Id.*, § 7.03.

Section 7.02 contains what Plaintiff terms the "Mortgage Representations." This Section provides fifty specific representations and warranties regarding the Loans, including, among other things, that the Mortgage Loans complied with specified underwriting guidelines; that Countrywide's origination practices were "in all respects legal, proper, prudent and customary in the mortgage origination ... business"; and that the information conveyed about the Loans was complete, true, and correct. *See* Servicing Agreement, §§ 7.02(i), (xx), and (xxiii).

In the event that a loan breaches one of the Mortgage Representations in Section 7.02, Section 7.03 provides that Countrywide "shall have a period of ninety (90) days from the earlier of its discovery of a breach or the receipt by [Countrywide] of notice of such a breach within which to correct or cure such breach." *Id.*, § 7.03.

Plaintiff pleads that it discovered breaches of Sections 7.01 and 7.02 as a result of a loan review performed at the behest of certain Certificateholders. Following the "severe deterioriation in the performance of the Trust," these Certificateholders requested the loan documentation for 786 non-performing Loans and engaged a mortgage underwriting consultant to examine the Loans for compliance with Defendants' representations. (Am. Compl. ¶ 50.) The underwriting consultant's examination

*U.S. Bank Nat'l Ass'n v. Countrywide Home Loans, Inc.*                Index No. 652388/2011
                                                                      Page 5 of 12

purportedly revealed that 520 of the 786 Loans, or 66%, examined contained breaches of
representations and warranties. *Id.* ¶ 52.

The Trustee states that it received notice of these breaches "based on the
investigation of the re-underwriting consultant." *Id.* ¶ 53. The Trust then notified
Countrywide of these 520 allegedly breaching Loans through written notices, demanding
that Countrywide cure the defects stated or repurchase the Loans within ninety days. *Id.*
¶¶ 53, 60. Plaintiff asserts that "[t]o date, Countrywide has refused to repurchase 495 out
of the 520 Loans identified through the Breach Notices and has failed to provide any
explanation for this failure despite repeated requests from the Trustee." *Id.* ¶ 62. In
addition, the Trustee asserts that it requested that Countrywide repurchase all Loans in the
Trust on August 29, 2011, and that the ninety-day period for doing so under the Servicing
and Pooling Agreements has expired. *Id.* ¶ 65.

Based on the foregoing, Plaintiff now brings two breach of contract claims against
Defendants in its Amended Complaint. Count One asserts breach of contract and seeks
repurchase of all Loans in the Trust. Plaintiff grounds its breach claim in the allegation
that Countrywide pervasively breached the "representations and warranties in the
documentation prepared and furnished in connection with the Servicing Agreement and
related transactions." (Am. Compl. ¶ 47.)

Count Two likewise asserts breach of contract but seeks repurchase of 495 allegedly breaching Loans identified by Plaintiff in breach notices sent to Countrywide. Plaintiff alleges that Countrywide has refused to repurchase these 495 Loans despite receiving notice that the Loans breached the Section 7.02 Mortgage Representations. Accordingly, Plaintiff seeks loan-by-loan repurchase under Section 7.03, as well as under Section 2.03 of the Pooling Agreement.

Defendants jointly filed a motion to dismiss both Counts One and Two. While Defendants also sought dismissal of a declaratory judgment claim asserted in Count Three of the original Complaint, this claim was removed from the Amended Complaint. Therefore, since Plaintiff no longer asserts its declaratory judgment claim, the Court will consider only the pending counts of the Amended Complaint – Counts One and Two.

## II.    Defendants' Motion to Dismiss

Defendants make several arguments in favor of dismissal. Defendants contend that repurchase of all Loans in the Trust is barred by the terms of the operative agreements. Moreover, Defendants contend that Plaintiff's repurchase claims in both Counts One and Two are not ripe since Plaintiff has not given Countrywide sufficient notice. Finally, Defendants asserts that all counts in the Amended Complaint are not adequately pleaded.

A.      *Motion to Dismiss Standard*

On a motion to dismiss for failure to state a cause of action, the court must accept

each and every allegation as true and liberally construe the allegations in the light most

favorable to the pleading party. *Guggenheimer v. Ginzburg*, 43 N.Y.2d 268, 275 (1977);

*see* CPLR 3211(a)(7). "We . . . determine only whether the facts as alleged fit within any

cognizable legal theory." *Leon v. Martinez*, 84 N.Y.2d 83, 87-88 (1994). A motion to

dismiss must be denied, "if from the pleadings' four corners factual allegations are

discerned which taken together manifest any cause of action cognizable at law." *511 W.*

*232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 152 (2002) (internal

quotation marks and citations omitted).

On the other hand, while factual allegations contained in a complaint should be

accorded a favorable inference, bare legal conclusions and inherently incredible facts are

not entitled to preferential consideration. *Sud v. Sud*, 211 A.D.2d 423, 424 (1st Dep't

1995).

B.      *Count One -- Breach of Contract Claim Seeking Repurchase of All Trust*
        *Loans*

Plaintiff's first breach of contract claim seeks repurchase of all Trust Loans based

on an alleged breach of Section 7.01(ix) of the Servicing Agreement. Plaintiff contends

*U.S. Bank Nat'l Ass'n v. Countrywide Home Loans, Inc.*                    Index No. 652388/2011
                                                                            Page 8 of 12

that such pool-wide relief under Section 7.01(ix) is warranted where Plaintiff can
demonstrate "pervasive breaches" of the representations and warranties in Section 7.02.

In support of dismissal, Defendants first argue that Plaintiff's claim for Section
7.01(ix) relief is unsupported by the text of the Servicing Agreement. The Court agrees.
Neither the term "pervasive breach" nor any language connoting that concept are present
in Section 7.01(ix). Instead, Section 7.01(ix), as quoted verbatim above, merely
represents that no written statements issued in connection with the Servicing Agreement
"or in connection with the transaction contemplated" contain any untrue statements of
material fact. Servicing Agreement, § 7.01(ix). There is no language upon which
Plaintiff can hang its argument that "pervasive breach" of Section 7.02 violates Section
7.01(ix).

Moreover, such language is absent from Section 7.03, which includes the pool-
wide remedy sought by the Trustee. Neither the language discussing the pool-wide
remedy nor the remainder of Section 7.03 includes any discussion of pervasive breach.

Plaintiff invites this Court to look past the absence of contractual language
supporting its claim, asserting that it is entitled to the benefit of every inference on a
motion to dismiss. While the Trustee is entitled to all favorable inferences with regard to
its factual claims on a motion to dismiss, its bare legal conclusion that the Servicing
Agreement accommodates its pervasive breach theory is not entitled to deference. *See*

*Taussig v. Clipper Grp., L.P.*, 13 A.D.3d 166, 167 (1st Dep't 2004) ("The interpretation

of an unambiguous contract is a question of law for the court, and the provisions of a

contract addressing the rights of the parties will prevail over the allegations in a

complaint."); *Miglietta v. Kennecott Copper Corp.*, 25 A.D.2d 57, 57-58 ("[T]he rights

and duties of the parties must be determined by the terms of the contract annexed to the

complaint, and not by the plaintiff's characterization or construction thereof in his

pleading. ... Therefore, insofar as plaintiffs' allegations as to the legal effect of the

annexed written agreement are at variance with or tend to improperly enlarge upon the

terms thereof, such allegations must be disregarded.").

Plaintiff makes no other response to Defendants' argument in its papers, nor does

it provide any additional basis to support its claim for breach in Count One. Instead,

Plaintiff's opposition briefing simply reiterates that the basis for asserting breach of

Section 7.01(ix) is "pervasive breach" of Section 7.02. *See* Pl.'s Opp. Br. at 8 ("These

allegations make perfect sense: a few R&W Breaches would logically lead the Trustee to

seek repurchase of those few Mortgage Loans under Section 7.02 and Section 7.03;

however, where pervasive breaches are obvious, the Trustee has the right, at its option, to

avoid the costs of reviewing thousands of Mortgage Loans, and demand a repurchase of

all those Loans under Sections 7.01 and 7.03."). Accordingly, for the foregoing reasons,

the Court concludes that Count One of the Amended Complaint fails to state a claim.

While Defendants raise alternate grounds for dismissal of Count One, the Court need not reach them, as Defendants' motion to dismiss is granted for the reasons herein stated. Defendants' motion is granted with leave to replead a violation of Section 7.01(ix), to the extent that Plaintiff may assert a violation of Section 7.01(ix) on a theory other than the "pervasive breach" theory discussed above.

C.    *Count Two – Breach of Contract Seeking Repurchase of Individual Loans*

Defendants next seek dismissal of Count Two, deeming the Amended Complaint conclusory because it does not list and describe the breaches found in each of the 495 loans for which the Trustee seeks repurchase. While Defendants may have preferred a more robust pleading, Count Two of the Amended Complaint as it stands is sufficient to state a breach of contract claim.

CPLR 3016(b)'s particularity requirements do not apply to breach of contract claims. *See Shilkoff, Inc. v. 885 Third Avenue Corp.*, 299 A.D.2d 253, 254 (1st Dep't 2002) ("Defendants' contention that the breach of contract cause of action is insufficiently pled would hold plaintiff to particularity in a contract pleading that is not required ..."); *East Hampton Union Free Sch. Dist. v. Sandpebble Builders, Inc.*, 66 A.D.3d 122, 125 (2d Dep't 2009) (concluding that complaint asserting breach of contract "is not required to meet any heightened level of particularity in its allegations.").

Case 1:12-cv-05067-AT  Document 27-14  Filed 08/23/13  Page 13 of 14

Plaintiff pleads that Defendants breached Sections 7.01, 7.02, and 7.03 of the Servicing

Agreement and that as a result, it suffered damages. Under CPLR 3103, these allegations

are "sufficiently particular to give the court and parties notice of the transactions,

occurrences, or series of transactions or occurrences, intended to be proved and the

material elements of the breach of contract cause of action." *Mee Direct, LLC v.*

*Automatic Data Processing, Inc.*, 102 A.D.3d 569, 569 (1st Dep't 2013) (citing CPLR

3013). Accordingly, the Court concludes that Plaintiff was not required to list and

provide particularized details as to the specific loans allegedly in breach. Since

Defendants present no additional arguments for dismissal of Count Two, Defendants'

motion to dismiss is denied.

## Conclusion

For the reasons set forth above, it is hereby

ORDERED that Plaintiff's Amended Complaint in the form annexed to its

opposition papers and electronically filed as Docket No. 22 shall be deemed to have been

served upon service by Plaintiff of a copy of this order with notice of entry; and it is

further

ORDERED that Defendants' motion to dismiss is deemed a motion to dismiss the

Amended Complaint; and it is further

*U.S. Bank Nat'l Ass'n v. Countrywide Home Loans, Inc.*          Index No. 652388/2011
                                                                 Page 12 of 12

ORDERED that Defendants' motion to dismiss is granted as to Count One without

prejudice to replead and denied as to Count Two; and it is further

ORDERED that Plaintiff is granted leave to serve a Second Amended Complaint

so as to replead Count One within 20 days after service on Plaintiff's attorney of a copy

of this Order with Notice of Entry; and it is further

ORDERED that, in the event that Plaintiff fails to serve and file a Second

Amended Complaint in conformity herewith within such time, leave to replead shall be

deemed denied; and it is further

ORDERED that counsel are directed to appear for a preliminary conference in

Room 442, 60 Centre Street, on July 16, 2013, at 10 AM.

Dated: New York, New York
       May 29, 2013

                                        ENTER:

                                        Hon. Eileen Bransten, J.S.C.