**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

HOMEWARD RESIDENTIAL, INC., solely
in its capacity as Master Servicer for the
Option One Mortgage Loan Trust 2006-2, for
the benefit of the Trustee and the holders of
Option One Mortgage Loan Trust 2006-2
Certificates,

               Plaintiff,

v.

SAND CANYON CORPORATION, f/k/a
Option One Mortgage Corporation,

               Defendant.

CIVIL ACTION NO. 12-cv-5067 (AT)

ECF Action

**DEFENDANT SAND CANYON CORPORATION'S
ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant Sand Canyon Corporation ("Sand Canyon" or "Defendant") herewith files the

following Answer and Affirmative Defenses to Plaintiff Homeward Residential, Inc.'s

("Homeward's" or "Plaintiff's") Amended Complaint, dated July 19, 2013 (the "Amended

Complaint") pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure. Unless

specifically admitted, Sand Canyon denies each and every allegation against it and denies

liability to Plaintiff.

I.        **Nature of the Action**[1]

1.       Sand Canyon denies that, in 2006, Option One Mortgage Corporation and certain

of its subsidiaries sold a pool of more than 7,500 mortgage loans with a total initial principal

---

[1] Plaintiff includes in its Amended Complaint lettered and numbered headings purporting to
characterize certain actions or events. Sand Canyon specifically does not adopt the
characterizations set forth in these headings. Because the headings are not set forth in numbered
paragraphs, they are not properly pled facts that require a response. To the extent the headings
do purport to state facts or legal conclusions and an answer is required, Sand Canyon denies each
and every allegation set forth in each and every heading in the Amended Complaint.

balance of about $1.5 billion to the trust at issue in this litigation (the "Option One Mortgage Loan Trust 2006-2," or the "Trust"), and Sand Canyon refers to the text of the contracts that memorialize the transaction that is the subject of this action (the "Transaction") for the complete and accurate description of their content. The remaining allegations in Paragraph 1 set forth legal conclusions to which no answer is required. To the extent that an answer is required, Sand Canyon denies the remaining allegations in Paragraph 1.

2.      Paragraph 2 sets forth legal conclusions to which no answer is required. To the extent that an answer is required, Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, except (i) admits that the Mortgage Loan Purchase Agreement (the "MLPA") in connection with the Transaction contains certain representations and warranties made by Option One Mortgage Corporation and provides for repurchase of mortgage loans in certain circumstances; (ii) denies that Sand Canyon agreed in the event of a material breach of any of its representations it would cure the breach or repurchase the loan in question; and Sand Canyon refers to the text of the contracts that memorialize the Transaction for the complete and accurate description of their content.

3.      Paragraph 3 sets forth legal conclusions to which no answer is required. To the extent that an answer is required, Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, except (i) admits that the Mortgage Loan Purchase Agreement (the "MLPA") in connection with the Transaction contains certain representations and warranties made by Option One Mortgage Corporation and provides for repurchase of mortgage loans in certain circumstances; (ii) denies that Sand Canyon agreed that in the event of a breach of the so-called "No Falsehoods" representation described by Plaintiff in Paragraph 3, it would repurchase all the loans it had sold to the Trust; and Sand Canyon refers to

the text of the contracts that memorialize the Transaction for the complete and accurate description of their content.

4. Paragraph 4 sets forth legal conclusions to which no answer is required. To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 4.

5. Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the actions of "some investors" and an unspecified "review" of the mortgage loan files in Paragraph 5. The remaining allegations in Paragraph 5 set forth legal conclusions to which no answer is required. To the extent that an answer is required, Sand Canyon denies the remaining allegations in Paragraph 5.

6. Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning an unspecified "retroactive appraisal" of the mortgage loan files in Paragraph 6. The remaining allegations in Paragraph 6 set forth legal conclusions to which no answer is required. To the extent that an answer is required, Sand Canyon denies the remaining allegations in Paragraph 6.

7. Paragraph 7 sets forth legal conclusions to which no answer is required. To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 7.

8. Paragraph 8 sets forth legal conclusions to which no answer is required. To the extent that an answer is required, Sand Canyon (i) specifically denies that all of the Trustee's repurchase requests remain outstanding, to the extent that Paragraph 8 so alleges; and (ii) denies that Sand Canyon failed to appropriately respond to all of the Trustee's repurchase requests, to the extent that Paragraph 8 so alleges. Sand Canyon denies the remaining allegations in Paragraph 8, except admits that (i) in communications dated between October 2009 and October 2011, the Trustee purported to give notice to Sand Canyon of alleged breaches of representations

and warranties with respect to certain mortgage loans; (ii) the Trustee's communications enclosed letters identifying certain mortgage loans and purportedly describing the alleged nature of certain alleged breaches; (iii) the Trustee enclosed in the communications documentation purportedly relating to the mortgage loans and alleged breaches; (iv) Exhibit A to the Amended Complaint attaches certain documents, including the Trustee's communications and other materials that identified the representations and warranties that were allegedly breached for certain of the mortgage loans and purportedly described the alleged nature of certain alleged breaches; and Sand Canyon refers to the text of the documents referenced in Paragraph 8 for the complete and accurate description of their content.

9.      Paragraph 9 sets forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 9, except (i) admits that in a letter dated April 20, 2011, Homeward purported to give Sand Canyon notice of alleged breaches of representations and warranties with respect to certain mortgage loans, many of which were the subject of prior demand letters that Sand Canyon rejected; (ii) admits that the April 20, 2011 letter from Homeward enclosed a schedule identifying certain allegedly breaching loans; (iii) denies that the schedule attached to the April 20, 2011 letter in Exhibit B to the Amended Complaint, which is dated June 21, 2011, is the schedule that was attached to the April 20, 2011 letter that Sand Canyon received; (iv) admits that Sand Canyon responded to the April 20, 2011 letter by asking for further information; (v) admits that Exhibit B to the Amended Complaint attaches certain documents, including Homeward's April 20, 2011 letter and other materials that identified the representations and warranties that were allegedly breached for certain of the mortgage loans and purportedly described the alleged nature of certain alleged breaches; and Sand Canyon refers to the text of the documents referenced in Paragraph 9 for the

complete and accurate description of their content. Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the remaining in allegations in Paragraph 9.

10. Paragraph 10 sets forth legal conclusions to which no answer is required. To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 10, except admits that (i) in a letter dated January 24, 2012, the Trustee purported to give notice of alleged breaches of representations and warranties with respect to certain mortgage loans; (ii) the Trustee's letter enclosed a letter from a certificateholder identifying certain mortgage loans and purportedly describing the alleged nature of certain alleged breaches; (iii) the Trustee enclosed in the letter a schedule that identified representations and warranties that were allegedly breached for certain of the mortgage loans and purportedly described the alleged nature of certain alleged breaches; (iv) Sand Canyon responded to the Trustee's letter on May 25, 2012; (v) the Trustee declined to rescind its notices and purchase demands with respect to the mortgage loans identified in its letter dated January 24, 2012; (vi) Exhibit C to the Amended Complaint attaches certain documents, including the Trustee's January 24, 2012 letter and other materials that identified the representations and warranties that were allegedly breached for certain of the mortgage loans and purportedly described the alleged nature of certain alleged breaches; (vii) Exhibit D to the Amended Complaint attaches Sand Canyon's response to the Trustee's January 24, 2012 letter, dated May 25, 2012; and Sand Canyon refers to the text of the documents referenced in Paragraph 10 for the complete and accurate description of their content.

11. Paragraph 11 sets forth legal conclusions to which no answer is required. To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 11, except (i) admits that in a letter dated May 25, 2012, the Trustee purported to give notice of alleged

breaches of representations and warranties with respect to certain mortgage loans; (ii) admits that the Trustee's letter identified certain mortgage loans and enclosed a letter from a certificateholder purportedly describing the alleged nature of certain alleged breaches; (iii) denies that Sand Canyon "did not respond to this letter," and asserts that Sand Canyon did, in fact, timely respond to the Trustee's May 25, 2012 letter in a letter dated September 21, 2012, in which Sand Canyon stated that it found the Trustee's requests without merit and asked the Trustee to withdraw the requests; (iv) admits that Exhibit E to the Amended Complaint attaches certain documents, including the Trustee's May 25, 2012 letter and other materials that identified the representations and warranties that were allegedly breached for certain of the mortgage loans and purportedly described the alleged nature of certain alleged breaches; and Sand Canyon refers to the text of the documents referenced in Paragraph 11 for the complete and accurate description of their content.

12. Paragraph 12 sets forth legal conclusions to which no answer is required. To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 12.

13. Sand Canyon denies the allegations in Paragraph 13, except admits that Plaintiff purports to bring this lawsuit to require Sand Canyon "to repurchase all the loans in the Trust," or "[i]n the alternative," to require Sand Canyon to repurchase all the loans with respect to which Sand Canyon has allegedly breached its representations and warranties.

## II.  **The Parties**

14. Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, except admits that Homeward Residential, Inc. is the Master Servicer for the Trust.

15.     Sand Canyon denies the allegations in Paragraph 15, except admits that (i) it is a California corporation with its principal place of business in Irvine, California, and (ii) it was formerly known as Option One Mortgage Corporation.

### III.     **Jurisdiction and Venue**

16.     Paragraph 16 sets forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.     Paragraph 17 sets forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 17.

### IV.     **Factual Background**

A.     **The creation of the Trust**

18.     Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, except admits that Paragraph 18 loosely describes the process through which the mortgage-backed securitization at issue in this litigation was established.

19.     Paragraph 19 sets forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, except admits that (i) Option One Mortgage Corporation originated most of the mortgage loans that are the subject of the Amended Complaint; (ii) Option One Mortgage Acceptance Corporation acquired the mortgage loans from Option One Mortgage Corporation and certain seller trusts pursuant to the MLPA; (iii) the MLPA is attached as Exhibit F to the Amended Complaint; and Sand Canyon refers to the text of the MLPA for the complete and accurate description of its content.

20.     Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, except admits that (i) Option One Mortgage Acceptance Corporation conveyed "all right, title and interest" in the mortgage loans to the Trustee by means of a Pooling and Servicing Agreement dated as of June 1, 2006 (the "PSA"); (ii) the PSA provides that it "shall be construed in accordance with the laws of the State of New York"; (iii) Wells Fargo Bank, N.A., was a party to the PSA as Trustee; (iv) the PSA is attached as Exhibit G to the Amended Complaint; (v) in October 2012, Law Debenture Trust Company of New York was appointed as Separate Trustee of the Trust; and Sand Canyon refers to the text of the contracts that memorialize the Transaction for the complete and accurate description of their content.

21.     Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

B.     **Sand Canyon's representations and warranties**

22.     Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, except admits that in the MLPA it made representations concerning the mortgage loans underlying the Trust, and Sand Canyon refers to the text of the MLPA for the complete and accurate description of its content.

23.     Paragraph 23 sets forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 23.

24.     Paragraph 24 sets forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 24, except admits that in connection with the securitization, Sand Canyon provided various documents to the securitization parties concerning the characteristics of the mortgage loans; and Sand Canyon

refers to the text of the documents referenced in Paragraph 24 for the complete and accurate description of their content.

25.     Paragraph 25 sets forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 25.

### C.     Sand Canyon's obligation to cure or repurchase

26.     Paragraph 26 sets forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 26.  Sand Canyon further denies the allegations in Paragraph 26 that "[i]n the event that Sand Canyon breached a representation or warranty it gave in § 3.02 of the Purchase Agreement . . . Sand Canyon can be required to repurchase 'all of the Mortgage Loans at the Purchase Price,'" as these allegations misstate the content of the relevant agreements—the MLPA and the PSA—the text of which Sand Canyon refers to for the complete and accurate description of their content.[2]

27.     Paragraph 27 sets forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 27.  Sand Canyon further denies the allegations in Paragraph 27 that "[f]or breaches related to a mortgage loan or acquired property already sold from the trust, Sand Canyon must pay the difference between the Purchase Price immediately prior to the liquidation and any liquidation proceeds," as these allegations misstate the content of the relevant agreements—the MLPA and the PSA— the text of which Sand Canyon refers to for the complete and accurate description of their content.

28.     Paragraph 28 sets forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 28.

---

[2] Footnote 1 sets forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies the allegations in footnote 1.

D.    **The Master Servicer is authorized to enforce Sand Canyon's repurchase obligations for the benefit of the Trustee and the Certificateholders.**

29.    Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, except admits that Section 7.08 of the MLPA provides that Sand Canyon "acknowledge[d] and consent[ed] to the assignment by the Purchaser [Option One Acceptance Corporation] to the Trustee of all of the Purchaser's rights against each Seller and the Originator [Sand Canyon] pursuant to this Agreement insofar as such rights relate to Mortgage Loans transferred to the Trustee and to the enforcement or exercise of any right or remedy against each Seller or the Originator pursuant to this Agreement by the Trustee," and Sand Canyon refers to the text of the MLPA for the complete and accurate description of its content.

30.    Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, except admits that pursuant to Section 2.01 of the PSA, Option One Mortgage Acceptance Corporation transferred to the Trustee "all the right, title and interest" it held in the mortgage loans underlying the Trust, and Sand Canyon refers to the text of the PSA for the complete and accurate description of its content.

31.    Paragraph 31 sets forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 31, but admits that the excerpts from the PSA in Paragraph 31 are accurately transcribed.

E.    **Sand Canyon's breaches of its representations**

32.    Paragraph 32 sets forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 32 and reasserts its answers to Paragraphs 8-11, which are referenced in Paragraph 32.

33.     Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, except admits that (i) it represented in Section 3.01(a)(28) of the MLPA that each mortgage loan underlying the Trust was "originated substantially in accordance with the Originator's underwriting criteria, which are at least as stringent as the underwriting criteria set forth in the Prospectus Supplement"; (ii) the Prospectus Supplement provides that Sand Canyon's underwriting guidelines "are primarily intended to assess the value of the mortgaged property, to evaluate the adequacy of such property as collateral for the mortgage loan and to assess the applicant's ability to repay the mortgage loan"; (iii) the Prospectus Supplement provides that "Option One Underwriting Guidelines require a reasonable determination of an applicant's ability to repay the loan"; and Sand Canyon refers to the text of the MLPA and Prospectus Supplement for the complete and accurate description of their content.

34.     Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, except admits that the excerpts in Paragraph 34 of the summary of Sand Canyon's underwriting guidelines, dated June 20, 2006, which are in Exhibit B to the Trust's mortgage pool insurance policy filed with the Securities and Exchange Commission, are accurately transcribed.

35.     Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, except (i) admits that certain portions of Sand Canyon's underwriting guidelines are attached as Exhibit H to the Amended Complaint; (ii) admits that the guidelines provide that, for Stated Income mortgage loans, "the stated income must be reasonable based on factors including, but not limited to the:  Stated income source, Employment

position, and/or Borrower's current credit profile"; and Sand Canyon refers to the underwriting guidelines for the complete and accurate description of their content.

36.     Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning unspecified "reviews" of borrowers' loan files in Paragraph 36. Sand Canyon further denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning debt-to-income ratios ("DTIs"), except admits that its underwriting guidelines set maximum DTIs for borrowers to qualify for particular mortgage loans, and Sand Canyon refers to the underwriting guidelines for the complete and accurate description of their content. Sand Canyon further reasserts its answers to Paragraphs 8-11, which are referenced in Paragraph 36. The remaining allegations in Paragraph 36 set forth legal conclusions to which no answer is required. To the extent that an answer is required, Sand Canyon denies the remaining allegations in Paragraph 36.

37.     Paragraph 37 sets forth legal conclusions to which no answer is required. To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 37.

38.     Paragraph 38 sets forth legal conclusions to which no answer is required. To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 38.

39.     Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning unspecified "reviews" of the mortgage loan files in Paragraph 39. The remaining allegations in Paragraph 39 set forth legal conclusions to which no answer is required. To the extent that an answer is required, Sand Canyon denies the remaining allegations in Paragraph 39.

40.     Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning unspecified "subsequent review[s]" of the mortgage loan files

in Paragraph 40. Sand Canyon further reasserts its answers to Paragraphs 8-11, which are referenced in Paragraph 40. The remaining allegations in Paragraph 40 set forth legal conclusions to which no answer is required. To the extent that an answer is required, Sand Canyon denies the remaining allegations in Paragraph 40.

41. The Court dismissed Plaintiff's allegations concerning Section 3.01(a)(16) of the MLPA, and, therefore, no answer to those allegations is required. To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 41 concerning Section 3.01(a)(16) of the MLPA. The remaining allegations in Paragraph 41 set forth legal conclusions to which no answer is required. To the extent that an answer is required, Sand Canyon denies the remaining allegations in Paragraph 41.

42. Paragraph 42 sets forth legal conclusions to which no answer is required. To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 42, except admits that Sand Canyon's underwriting guidelines set out maximum limits on the loan-to-value ("LTV") and combined loan-to-value ("CLTV") ratios for particular mortgage loans, and Sand Canyon refers to the underwriting guidelines for the complete and accurate description of their content.

43. Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, except admits that Plaintiff purports to describe (i) portions of testimony before the Financial Crisis Inquiry Commission by an unidentified former wholesale lender; (ii) portions of testimony by an unidentified appraiser; (iii) portions of testimony of the president of the Appraisal Institute from April 2009; (iv) the results of a survey of appraisers conducted by October Research in 2007; and Sand Canyon refers to the testimony and survey referenced in Paragraph 43 for the complete and accurate description of their content.

44.     Paragraph 44 sets forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies those allegations.  Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44, and Sand Canyon refers to the text of the document or documents that appear to be quoted from in Paragraph 44, as well as the actual statements of the purported confidential witnesses referenced in Paragraph 44, for the complete and accurate description of the confidential witnesses' alleged statements.

45.     Paragraph 45 sets forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 45, except admits that Plaintiff purports to describe a press release issued by the Office of the Comptroller of the Currency, and Sand Canyon refers to the text of the press release for the complete and accurate description of its content.

46.     Paragraph 46 sets forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 46, except admits that (i) it represented in Section 3.01(a)(25) of the MLPA that each loan file under the Trust contained an appraisal performed in accordance with the requirements of federal law; (ii) the Uniform Standards of Professional Appraisal Practice ("USPAP"), promulgated by the Appraisal Standards Board, are used by appraisers; and Sand Canyon refers to the text of the MLPA and USPAP for the complete and accurate description of their content.

47.     Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, except admits that the Prospectus Supplement provides that:  "Mortgaged properties that are to secure mortgage loans generally are appraised by qualified independent appraisers.  Such appraisers inspect and appraise the subject property and

verify that such property is in acceptable condition.  Following each appraisal, the appraiser prepares a report which includes a market value analysis based on recent sales of comparable homes in the area and, when deemed appropriate, replacement cost analysis based on the current cost of constructing a similar home.  All appraisals are required to conform to the Uniform Standards of Professional Appraisal Practice adopted by the Appraisal Standards Board of the Appraisal Foundation and are generally on forms acceptable to Fannie Mae and Freddie Mac"; and Sand Canyon refers to the text of the Prospectus Supplement for the complete and accurate description of its content.

48.     Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning an unspecified study of a "sample" of the mortgage loan files in Paragraph 48.  The remaining allegations in Paragraph 48 set forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies the remaining allegations in Paragraph 48.

49.     Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning an unspecified "retroactive appraisal" and the automated valuation model ("AVM") referenced in Paragraph 49.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 49.

50.     Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning unspecified "[i]ndependent testing services" and the AVM referenced in Paragraph 50.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 50.

51.     Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning an unspecified "analysis" referenced in Paragraph 51.  The

remaining allegations in Paragraph 51 set forth legal conclusions to which no answer is required. To the extent that an answer is required, Sand Canyon denies the remaining allegations in Paragraph 51.

52.     Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning an unspecified "review" referenced in Paragraph 52.  The remaining allegations in Paragraph 52 set forth legal conclusions to which no answer is required. To the extent that an answer is required, Sand Canyon denies the remaining allegations in Paragraph 52.

53.     Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning an unspecified "analysis" referenced in Paragraph 53.  The remaining allegations in Paragraph 53 set forth legal conclusions to which no answer is required. To the extent that an answer is required, Sand Canyon denies the remaining allegations in Paragraph 53.

54.      Paragraph 54 sets forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 54, except admits that Sand Canyon's underwriting guidelines required loans to be within certain LTV and CLTV thresholds, and Sand Canyon refers to the text of the applicable underwriting guidelines and the MLPA for the complete and accurate description of their content.

55.     Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning an unspecified "review" referenced in Paragraph 55.  The remaining allegations in Paragraph 55 sets forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 55, except admits that Section 3.01(a)(43) of the MLPA states that the loans

underlying the Trust had LTVs less than or equal to 100% as of the relevant cut-off date, and Sand Canyon refers to the MLPA for the complete and accurate description of its content.

56.     Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning an unspecified "review" referenced in Paragraph 56.  The remaining allegations in Paragraph 56 set forth legal conclusions to which no answer is required. To the extent that an answer is required, Sand Canyon denies the remaining allegations in Paragraph 56.

57.     Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning an unspecified "analysis" referenced in Paragraph 57.  The remaining allegations in Paragraph 57 set forth legal conclusions to which no answer is required. To the extent that an answer is required, Sand Canyon denies the remaining allegations in Paragraph 57.

58.     Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning an unspecified "review[]" referenced in Paragraph 58.  The remaining allegations in Paragraph 58 set forth legal conclusions to which no answer is required. To the extent that an answer is required, Sand Canyon denies the remaining allegations in Paragraph 58.

59.     Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning an unspecified "examin[ation]" referenced in Paragraph 59. The remaining allegations in Paragraph 59 set forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies the remaining allegations in Paragraph 59.

60.     Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning an unspecified "review[]" referenced in Paragraph 60.  The remaining allegations in Paragraph 60 set forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies the remaining allegations in Paragraph 60.

61.     Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning an unspecified "review" referenced in Paragraph 61.  The remaining allegations in Paragraph 61 set forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies the remaining allegations in Paragraph 61.

62.     Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning an unspecified "analysis" referenced in Paragraph 62.  The remaining allegations in Paragraph 62 set forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 62.

63.      Paragraph 63 sets forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 63.

64.     Paragraph 64 sets forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 64.

**F.      Sand Canyon has been given notice of its breaches of representations and warranties.**

65.     Paragraph 65 sets forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 65 and reasserts its answers to Paragraphs 8-11, which are referenced in Paragraph 65.

66.     Paragraph 66 sets forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 66.  Sand Canyon further denies the allegations in Paragraph 66 that were Sand Canyon "not able to cure its breach of its No Falsehoods representation within 120 days of the Trustee's notice of breach of this representation," it "is obliged to purchase all of the loans," as these allegations misstate the content of the relevant agreement—the MLPA—the text of which Sand Canyon refers to for the complete and accurate description of its content.

**CAUSES OF ACTION**

V.      <u>**First Cause of Action:  Sand Canyon's Breaches of its**</u>
<u>**Representations and Warranties**</u>

67.     Sand Canyon incorporates by reference its answers set forth in Paragraph 1 through 66 above.

68.     Paragraph 68 sets forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon admits that the MLPA and the PSA are valid and enforceable contracts, and Sand Canyon refers to the text of the MLPA and PSA for the complete and accurate description of their content.  Sand Canyon denies the remaining allegations in Paragraph 68.

69.     Paragraph 69 sets forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 69.

70.     Paragraph 70 sets forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 70.

71.     Sand Canyon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, except admits that Plaintiff purports to describe the content of correspondence between the Trustee and Sand Canyon relating to the loans underlying

the Trust, and Sand Canyon refers to the text of this correspondence for the complete and accurate description of its content.

72.     Paragraph 72 sets forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 72.

73.     Paragraph 73 sets forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 73.

74.     Paragraph 74 sets forth legal conclusions to which no answer is required.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 74.  Sand Canyon further denies the allegations in Paragraph 74 that it "must pay the difference between the Purchase Price immediately prior to the liquidation and any liquidation proceeds," as these allegations misstate the content of the relevant agreements—the MLPA and the PSA—the text of which Sand Canyon refers to for the complete and accurate description of their content.

VI.     **Second Cause of Action:  Breach of Contract by Failure to Cure or Repurchase**

75.     Sand Canyon incorporates by reference its answers set forth in Paragraph 1 through 74 above.

76.     Paragraph 76 sets forth legal conclusions, and the Court dismissed the Second Cause of Action; therefore, no answer is required to the allegations in Paragraph 76.  To the extent that an answer is required, Sand Canyon admits that it agreed to repurchase mortgage loans under certain circumstances, and it denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76.

77.     Paragraph 77 sets forth legal conclusions, and the Court dismissed the Second Cause of Action; therefore, no answer is required to the allegations in Paragraph 77.  To the extent than an answer is required, Sand Canyon denies the allegations in Paragraph 77.

78.     Paragraph 78 sets forth legal conclusions, and the Court dismissed the Second Cause of Action; therefore, no answer is required to the allegations in Paragraph 78.  To the extent than an answer is required, Sand Canyon denies the allegations in Paragraph 78.

VII.     **Third Cause of Action: Anticipatory Breach**

79.     Sand Canyon incorporates by reference its answers set forth in Paragraph 1 through 78 above.

80.     Paragraph 80 sets forth legal conclusions, and the Court dismissed the Third Cause of Action; therefore, no answer is required to the allegations in Paragraph 80.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 80, except admits that Plaintiff purports to describe the content of correspondence between the Trustee and Sand Canyon relating to the loans underlying the Trust, and Sand Canyon refers to the text of this correspondence for the complete and accurate description of its content.

81.     Paragraph 81 sets forth legal conclusions, and the Court dismissed the Third Cause of Action; therefore, no answer is required to the allegations in Paragraph 81.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 81, except admits that Plaintiff purports to describe the content of correspondence between the Trustee and Sand Canyon relating to the loans underlying the Trust, and Sand Canyon refers to the text of this correspondence for the complete and accurate description of its content.

82.     Paragraph 82 sets forth legal conclusions, and the Court dismissed the Third Cause of Action; therefore, no answer is required to the allegations in Paragraph 82.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 82.

83.     Paragraph 83 sets forth legal conclusions, and the Court dismissed the Third Cause of Action; therefore, no answer is required to the allegations in Paragraph 83.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 83.  Sand

Canyon further denies the allegations in Paragraph 83 that "[f]or liquidated loans, Sand Canyon must pay the difference between the Purchase Price immediately prior to the liquidation and any liquidation proceeds," as these allegations misstate the content of the relevant agreements—the MLPA and the PSA—the text of which Sand Canyon refers to for the complete and accurate description of their content.

## VIII.  __Fourth Cause of Action: Indemnity__

84. Sand Canyon incorporates by reference its answers set forth in Paragraph 1 through 83 above.

85. Paragraph 85 sets forth legal conclusions, and the Court dismissed the Fourth Cause of Action; therefore, no answer is required to the allegations in Paragraph 85. To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 85.

86. Paragraph 86 sets forth legal conclusions, and the Court dismissed the Fourth Cause of Action; therefore, no answer is required to the allegations in Paragraph 86. To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 86. Sand Canyon further denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 concerning alleged losses sustained by the Trustee and the Certificateholders.

87. Paragraph 87 sets forth legal conclusions, and the Court dismissed the Fourth Cause of Action; therefore, no answer is required to the allegations in Paragraph 87. To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 87.

## IX.  __Fifth Cause of Action: Declaratory Judgment__

88. Sand Canyon incorporates by reference its answers set forth in Paragraph 1 through 87 above.

89.     Paragraph 89 sets forth legal conclusions, and the Court dismissed the Fifth Cause of Action; therefore, no answer is required to the allegations in Paragraph 89.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 89.  Sand Canyon further denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 concerning what the Trustee "reasonably expects."

90.     Paragraph 90 sets forth legal conclusions, and the Court dismissed the Fifth Cause of Action; therefore, no answer is required to the allegations in Paragraph 90.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 90, except admits that Plaintiff purports to seek declaratory relief.

## VIII.   **Prayer for Relief**

91.     Sand Canyon denies the allegations in Paragraph 91 and denies that Plaintiff is entitled to any relief from Sand Canyon.

92.     The Court dismissed the Second Cause of Action and, therefore, no answer is required to the allegations in Paragraph 92.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 92 and denies that Plaintiff is entitled to any relief from Sand Canyon.

93.     The Court dismissed the Third Cause of Action and, therefore, no answer is required to the allegations in Paragraph 93.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 93 and denies that Plaintiff is entitled to any relief from Sand Canyon.

94.     The Court dismissed the Fourth Cause of Action and, therefore, no answer is required to the allegations in Paragraph 94.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 94 and denies that Plaintiff is entitled to any relief from Sand Canyon.

95.     The Court dismissed the Fifth Cause of Action and, therefore, no answer is required to the allegations in Paragraph 95.  To the extent that an answer is required, Sand Canyon denies the allegations in Paragraph 95 and denies that Plaintiff is entitled to any relief from Sand Canyon.

96.     Sand Canyon denies the allegations in Paragraph 96 and denies that Plaintiff is entitled to any relief from Sand Canyon.

97.     Sand Canyon denies the allegations in Paragraph 97 and denies that Plaintiff is entitled to any relief from Sand Canyon.

## AFFIRMATIVE AND OTHER DEFENSES

In asserting the following defenses, Sand Canyon does not assume the burden of proof of any defense.

## FIRST DEFENSE

1.      The Amended Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Sand Canyon.

## SECOND DEFENSE

2.      Plaintiff's claims against Sand Canyon are barred, in whole or in part, by the applicable statutes of limitations and repose.

## THIRD DEFENSE

3.      Plaintiff's claims are barred, in whole or in part, due to its failure to satisfy contractual requirements necessary for Sand Canyon to have an obligation to repurchase any loan, including but not limited to:  (i) Plaintiff failed to provide prompt written notice or an opportunity to cure, (ii) the alleged breaches do not materially and adversely affect the value of the loans at issue or the interest therein of Option One Mortgage Acceptance Corporation

("OOMAC"), or OOMAC's assignee, designee or transferee; and (iii) Plaintiff failed to provide adequate written notice of the alleged breaches of representations and warranties.

## FOURTH DEFENSE

4.     Plaintiff's claims are barred, in whole or in part, to the extent that Sand Canyon has cured or will cure the alleged breaches identified by Plaintiff as to any of the loans at issue.

## FIFTH DEFENSE

5.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's lack of standing and/or capacity to sue.

## SIXTH DEFENSE

6.     Plaintiff's claims are barred, in whole or in part, by laches, equitable estoppel, unclean hands, waiver and/or other related equitable doctrines.

## SEVENTH DEFENSE

7.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's breach of the implied covenant of good faith and fair dealing.

## EIGHTH DEFENSE

8.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's own material breach of contract.

## NINTH DEFENSE

9.     Plaintiff's claims are barred, in whole or in part, because any breach of the MLPA that Plaintiff seeks to attribute to Sand Canyon was not material.

**TENTH DEFENSE**

10.     Plaintiff's claims are barred, in whole or in part, to the extent any of the loans at issue have been liquidated or are otherwise unavailable to be tendered for repurchase and reassigned to Sand Canyon.

**ELEVENTH DEFENSE**

11.     Plaintiff's claims are barred, in whole or in part, by the doctrines of impossibility, impracticability, and frustration of purpose.

**TWELFTH DEFENSE**

12.     Plaintiff is not entitled to the relief it seeks because even if it were to prevail on the merits of its claims, the remedies it seeks are unavailable for its claims.

**THIRTEENTH DEFENSE**

13.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks relief in excess of that provided for in the governing agreements.

**FOURTEENTH DEFENSE**

14.     Any alleged harm suffered by Plaintiff is the result of the conduct of third parties for which Sand Canyon is not responsible, including but not limited to the initial borrowers, independent appraisers, the Trustee, the Servicer, and Sub-Servicers, if any.

## FIFTEENTH DEFENSE

15.    Plaintiff's claims are barred, in whole or in part, because Plaintiff entered into the Transaction with actual and/or constructive knowledge of the credit quality of the loans underlying the Trust and the underwriting and due diligence standards that were applied to those loans.

## SIXTEENTH DEFENSE

16.    Plaintiff's claims are barred, in whole or in part, because Sand Canyon was not the proximate cause of Plaintiff's alleged loss, inasmuch as any loss in value was not caused by the alleged breaches but instead was due to other factors over which Sand Canyon had no control or responsibility, including, among other things, the prolonged real estate market crash and significant economic downturn, which included, but was not limited to, borrowers' loss of income or other assets and the precipitous decline in housing values.

## SEVENTEENTH DEFENSE

17.    To the extent Plaintiff is permitted to recover damages from Sand Canyon, Sand Canyon is entitled to a setoff, recoupment, and/or offset from any recovery to which Plaintiff may be entitled.

## EIGHTEENTH DEFENSE

18.    Plaintiff would be unjustly enriched if it were permitted to obtain recovery in this action.

## NINETEENTH DEFENSE

19.    Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff, or any person or entity acting on Plaintiff's behalf, has failed to mitigate or minimize damages, if any.

## TWENTIETH DEFENSE

20.     Plaintiff's claims are barred, in whole or in part, because any alleged damages suffered by Plaintiff, which Sand Canyon denies, are speculative.

## TWENTY-FIRST DEFENSE

21.     Plaintiff's claims against Sand Canyon are barred, in whole or in part, by Plaintiff's own negligence, or the negligence of any person or entity acting on Plaintiff's behalf, including, but not limited to, its failure to undertake its own due diligence.

## TWENTY-SECOND DEFENSE

22.     Plaintiff's claims are barred, in whole or in part, because they are based in fraud, and Plaintiff failed to plead allegations with particularity.

## TWENTY-THIRD DEFENSE

23.     Plaintiff's claims are barred in whole or in part because certain of the alleged misstatements or omissions are non-actionable statements of opinion that Plaintiff has not alleged and cannot prove were not genuinely held when made.

## TWENTY-FOURTH DEFENSE

24.     Plaintiff's claims are barred, in whole or in part, to the extent that other parties not named in the Amended Complaint may be indispensable parties to this action.

## TWENTY-FIFTH DEFENSE

25.     Plaintiff's claims are barred, in whole or in part, under the doctrine of accord and satisfaction because Plaintiff, after the mortgage loans securing the certificates began defaulting and even after commencing this litigation, continued accepting principal and interest payments on the certificates at issue in this action.

### TWENTY-SIXTH DEFENSE

26.     Plaintiff's claims are barred, in whole or in part, due to a mistake in the MLPA.

### TWENTY-SEVENTH DEFENSE

27.     Sand Canyon is entitled to receive indemnification or contribution from others if it were to incur liability as a result of this action.

### TWENTY-EIGHTH DEFENSE

28.     Plaintiff's claim for relief in the form of repurchase of the entire mortgage loan pool, based on alleged breach of Section 3.02 of the MLPA, is barred by the applicable statutes of limitations due to Plaintiff's failure to demand such relief pursuant to Section 3.04 of the MLPA, or any other applicable provision of the MLPA or the PSA, more than 120 days before the expiration of any applicable statutes of limitations.

### TWENTY-NINTH DEFENSE

29.     Plaintiff's claims for relief in the form of repurchase of certain individual loans are barred, in whole or in part, by the applicable statutes of limitations with respect to those loans for which Plaintiff has failed to make a repurchase demand pursuant to Section 3.04 of the MLPA, or any other applicable provisions of the MLPA or the PSA, more than 120 days before the expiration of any applicable statutes of limitations.

### THIRTIETH DEFENSE

30.     Sand Canyon reserves the right to raise any additional defenses, counterclaims, cross-claims and third-party claims not asserted herein of which it becomes aware at any subsequent stage of this action.

## PRAYER FOR RELIEF

WHEREFORE, Sand Canyon prays for judgment as follows:

1.    That Plaintiff takes nothing under the Amended Complaint, and the Amended Complaint be dismissed with prejudice;

2.    That judgment be entered in favor of Sand Canyon and against Plaintiff on each and every cause of action set forth in the Amended Complaint;

3.    That Sand Canyon be awarded its costs, expenses and attorney fees incurred in defending against Plaintiff's claims;

4.    That Sand Canyon be granted such other and further relief as the Court deems just and proper.

Respectfully submitted:

Dated:  May 14, 2014                         O'MELVENY & MYERS LLP


By: /s/ Robert Stern
    Robert M. Stern
    rstern@omm.com
    Jeffrey W. Kilduff (*pro hac vice*)
    jkilduff@omm.com
    Jessica L. Thorn (*pro hac vice*)
    jthorn@omm.com
    Lauren N. Moore (*pro hac vice*)
    lmoore@omm.com
    1625 Eye Street, N.W.
    Washington, D.C. 20006
    Telephone: (202) 383-5300
    Facsimile: (202) 383-5414

    ***Counsel for Defendant Sand Canyon Corporation***

    MURPHY & McGONIGLE, P.C.

    James Goldfarb

jgoldfarb@mmlawus.com
1185 Avenue of the Americas
Floor 21
New York, New York 10036
(212) 880-3999

Daniel T. Brown (*pro hac vice*)
dbrown@mmlawus.com
555 13th Street, N.W., Suite 410W
Washington, D.C. 20004
(202) 661-7000

***Of Counsel for Defendant Sand Canyon
Corporation***