**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------- X
HOMEWARD RESIDENTIAL, INC., :
solely in its capacity as :
Master Servicer for the Option :
One Mortgage Loan Trust :
2006-2, for the benefit of the :
Trustee and the holders of :
Option One Mortgage Loan Trust :
2006-2 Certificates, :
 :
        Plaintiff, :
 :
  -against- :
 :
SAND CANYON CORPORATION, :
f/k/a Option One Mortgage :
Corporation, :
 :
        Defendant. :
------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/22/2018

No. 12 Civ. 5067 (JFK)
**OPINION & ORDER**

APPEARANCES

FOR PLAINTIFF HOMEWARD RESIDENTIAL, INC.:
    Brian V. Otero
    Stephen R. Blacklocks
    Michael B. Kruse
    Kristen Madison
    HUNTON & WILLIAMS LLP

FOR DEFENDANT SAND CANYON CORPORATION:
    Douglas W. Henkin
    Joyce Y. Young
    Michael L. Calhoon
    Richard P. Sobiecki
    Vernon A. Cassin
    Julia B. Rubenstein
    Patrick Marecki
    BAKER BOTTS L.L.P.

    James Goldfarb
    Daniel T. Brown
    Hannah Berkowitz
    MURPHY & McGONIGLE, P.C.

1

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Plaintiff Homeward Residential, Inc.'s ("Homeward") motion for reconsideration of the Court's November 13, 2017 Opinion and Order (the "November 13 Order") denying Homeward's motion under Federal Rule of Civil Procedure 26 ("Rule 26") and Federal Rule of Evidence 702 ("Rule 702") for an order permitting Homeward to prove its claims against Defendant Sand Canyon Corp. ("Sand Canyon") using statistical sampling evidence and to admit testimony from its statistical sampling expert, Dr. Charles D. Cowan, regarding the sampling exercise and results. For the reasons stated below, Homeward's motion for reconsideration is DENIED.

## I. Background

Knowledge of the facts and allegations in this action is presumed and is discussed extensively in the Court's November 13 Order. However, a brief recitation of the procedural history of this motion is warranted. On July 29, 2015, Homeward moved pursuant to Federal Rule of Civil Procedure 26 ("Rule 26") and Federal Rule of Evidence 702 ("Rule 702") for an order: (1) permitting Homeward to prove its claims against Sand Canyon using statistical sampling evidence, and (2) determining the admissibility of Dr. Cowan's proposed sampling methodology and related analysis. (See Notice of Pl.'s Mot. to Admit Statistical Sampling Testimony, ECF No. 105 (filed July 29, 2015).)

2

Homeward argued that sampling is relevant to two of its theories of the case, both of which rely on breaches of Mortgage Loan Purchase Agreement ("MLPA") § 3.01 representations and warranties as to individual loans. (See Pl.'s Mem. of L. in Supp. of its Mot. to Admit Statistical Sampling Testimony at 5-6, ECF No. 107 (filed July 29, 2015).

On November 13, 2017, the Court denied Homeward's motion. (See Op. & Order, ECF No. 272 (filed Nov. 13, 2017).)  The Court held that the MLPA and the Pooling and Service Agreement ("PSA" and together, the "Governing Agreements") call for proof of Sand Canyon's breach on a loan-by-loan basis, and, thus, Homeward's proposed sampling would not "assist the trier of fact to understand the evidence or to determine a fact in issue." (Id. at 17.)  The Court also rejected Homeward's alternative argument that it should be allowed to proceed with proof by sampling notwithstanding contractual provisions to the contrary. (Id. at 27-29.)  On November 27, 2017, Homeward moved for reconsideration of the Court's decision. (See Mot. for Reconsideration, ECF No. 282 (filed Dec. 18, 2017).)

## II. Legal Standard

Reconsideration of a previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)

3

(internal quotation marks and citation omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). Accordingly, a request for reconsideration under Local Rule 6.3 must "demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." Fisk v. Letterman, 501 F. Supp. 2d 505, 530 (S.D.N.Y. 2007).

Local Rule 6.3 is intended to "ensure the finality of decisions and to prevent the practice of a losing party . . . plugging the gaps of a lost motion with additional matters." S.E.C. v. Ashbury Capital Partners, No. 00 Civ. 7898 (RCC), 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (internal quotation marks and citation omitted). A court must "narrowly construe and strictly apply Local Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent the Rule

4

from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment." Fisk, 501 F. Supp. 2d at 530.

### III. Discussion

In its motion for reconsideration, Homeward argues that "the Court misapplied settled principles of contract interpretation" by "eras[ing] a key contract provision" and effectively rewriting the Governing Agreements to "resolve the contradiction that arises from interpreting them as requiring loan-by-loan proof of breach." (Pl.'s Mem. of L. in Supp. of Mot. for Reconsideration at 1, 4, ECF No. 283 (filed Dec. 18, 2017).) This argument is inappropriate on a motion for reconsideration. Homeward has offered no new authorities or evidence in support of its motion, but merely contends that the Court erred in interpreting the contracts and, thus, seeks to relitigate issues already decided. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."). The Court has already considered the relevant contractual language in the MLPA and PSA, and determined that "the applicable provisions of the Governing Agreements generally refer to a breach event, the offending loan, and the repurchase price in singular terms," leading to the conclusion that the parties agreed upon a

5

remedial process that generally calls for proof of breach on a loan-by-loan basis. (See Op. & Order at 19-20.)

Homeward argues that the Court overlooked its argument that a loan-by-loan requirement would effectively "erase" the All Mortgage Loans Provision in MLPA § 3.04 and, in doing so, misapplied settled principles of contract interpretation. (See Pl.'s Mem. of L. in Supp. of Mot. for Reconsideration at 1-2.) The Court did not overlook, but explicitly considered and rejected the argument that a loan-by-loan requirement would not give effect to the All Mortgage Loans Provision. (See Op. & Order at 18, 22-24.) Moreover, the Court's opinion did not "wipe out" the All Mortgage Loans Provision or any other provision. The Court noted that "[i]n all the aforementioned instances under the Governing Agreements, the nature of the remedy is the same: repurchase by Sand Canyon. What may vary is the threshold to trigger Sand Canyon's obligation to repurchase." (Op. & Order at 24-25.) This is not "erasing" or "rewriting" the Governing Agreements, but interpreting them and giving effect to all provisions, as Homeward urged the Court to do in its motion for permission to prove its claims through sampling. Although Homeward disagrees with the Court's interpretation of the relevant contractual provisions, disagreement is not a proper ground for reconsideration. See Premium Sports Inc. v. Connell, No. 10 CIV. 3753 KBF, 2012 WL

2878085, at *1 (S.D.N.Y. July 11, 2012) ("A motion for reconsideration should not be used as a vehicle simply to voice disagreement with the Court's decision.").

## Conclusion

For the reasons above, Homeward's motion for reconsideration of the Court's November 13 Order denying permission to prove Sand Canyon's liability via statistical sampling and to admit Dr. Cowan's sampling testimony is DENIED. The Clerk of Court is respectfully directed to terminate the motion docketed at ECF No. 282.

**SO ORDERED.**

Dated:   New York, New York
         May 22, 2018

*John F. Keenan*
John F. Keenan
United States District Judge