# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
HOMEWARD RESIDENTIAL, INC., *solely in its capacity as Master Servicer for the Option One Mortgage Loan Trust 2006-2, for the benefit of the Trustee and the holders of Option One Mortgage Loan Trust 2006-2 Certificates,*

                Plaintiff,

    -against-

SAND CANYON CORPORATION f/k/a OPTION ONE MORTGAGE CORPORATION,

                Defendant.
-------------------------------------------------------------X

12 **CIVIL** 5067 (JMF)
12 **CIVIL** 7319 (JMF)

**JUDGMENT**

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated November 9, 2020, in sum, applicable New York law compels the Court to conclude that Homeward's claims in these cases are untimely. Either the residence of Homeward controls, in which case Texas's four-year statute of limitations applies. Or the residence of OOMAC controls, in which case California's four-year statute of limitations applies. And in either case, the discovery rule does not apply. Accordingly, and for the reasons discussed above, Sand Canyon's motion for summary judgment is GRANTED, Homeward's cross-motion for summary judgment is DENIED, and Homeward's claims are dismissed in their entirety. It follows that the parties' motions to preclude expert testimony are DENIED as moot. One final housekeeping matter remains. The Court granted the parties leave to file many of their motion papers under seal pending a decision on the underlying motions. *See* ECF Nos. 353, 361, 371, 372, 379, 389, 390.[12] It is well established that filings that are "relevant to the performance of the judicial function and useful in the judicial process" are considered "judicial documents" to which a presumption in favor of public access attaches. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

Significantly, assessment of whether the presumption in favor of public access is overcome must be made on a document-by-document basis, *see, e.g.*, *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019), and the mere fact that a court does not rely upon a document in adjudicating a motion does not remove it from the category of "judicial documents," *id.* at 50-51. Finally, the mere fact that information is sealed or redacted by agreement of the parties is not a valid basis to overcome the presumption. *See, e.g.*, *United States v. Wells Fargo Bank N.A.*, No. 12-CV-7527 (JMF), 2015 WL 3999074, at *4 (S.D.N.Y. June 30, 2015). That is, a party must demonstrate reasons to justify sealing or redaction separate and apart from a private agreement to keep information confidential.

Accordingly, notwithstanding any prior Order directing the parties to address the propriety of continued sealing, any party that believes, in light of the foregoing principles, that any materials currently under seal or in redacted form should remain under seal or in redacted form is ORDERED to show cause in writing, on a document-by-document basis, why doing so would be consistent with the presumption in favor of public access **no later than three weeks from the date of this Opinion and Order**. Proposed redactions should be "narrowly tailored" to achieve the aims that justify sealing. *See, e.g.*, *Brown*, 929 F.3d at 47 (internal quotation marks omitted). Finally, each party shall ensure that all sealing and redaction requests are made in accordance with Rule 7 of the Court's current Individual Rules and Practices in Civil Cases (and the District's ECF Rules and Instructions). Judgment is entered in favor of Sandy Canyon, and, this case is closed.

**Dated:**  New York, New York
November 9, 2020

**RUBY J. KRAJICK**
_____
Clerk of Court

BY: *[signature: David J. Thomas]*
Deputy Clerk